E-FILED
Tuesday, 18 July, 2006  01:25:16 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| BRAUNWIN CHRISTIANA BARNES, ) | |
| ) | |
| PETITIONER, ) | |
| ) | |
| v. ) | Case No. 06-1124 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Petitioner, Brauwin Christiana Barnes' Motion to Proceed In Forma Pauperis ("IFP Application") [Doc. #3] and Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. #4].

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has considered the grounds set forth in the Motion and has decided that there could be merit to some of those grounds. Therefore, the Court orders Respondent to file an answer or responsive pleading within sixty (60) days after service of this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally defaulted. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5.

In regards to Barnes' IFP Application, there are no filing fees in § 2255 cases and, therefore, her Application will be denied. Although it is somewhat unclear, it appears that Barnes is also requesting the Court to appoint counsel on her behalf. In her IFP Application, Barnes "declares that she is unable to pay the necessary costs of the proceeding, including filing fees and is *unable to retain her own counsel*."

The Court's authority to appoint counsel for indigent petitioners derives from 28 U.S.C. § 1915(e)(1), which states: "The court may request an attorney to represent any person unable to afford counsel." See Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004). In determining whether to appoint counsel for an indigent, this Court must make the following inquiry: "given the difficulty of the case, did [Petitioner] appear to be competent to try it himself[?]" Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005) (quoting Farmer v. Haas, 990 F.2d 319, 322-23 (7th Cir. 1993)).

The Seventh Circuit, however, has instructed that before conducting this inquiry, district courts are to "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." Gil, 381 F.3d at 656 (quoting Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992)). It is only if the petitioner meets this initial

"threshold showing of an attempt and failure to obtain counsel," will the Court then turn to the standard articulated in Greeno and Farmer. See Gil, 381 F.3d at 656.

Here, Barnes has failed to meet her initial threshold showing of an attempt to obtain counsel unsuccessfully, which is normally demonstrated by submitting letters from attorneys who have refused to take the case. Thus, this fact alone is sufficient to support the Court's refusal to appoint or otherwise request counsel to represent Petitioner. See id.

IT IS THEREFORE ORDERED that Barnes' Motion to Proceed In Forma Pauperis [Doc. #3] is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of Barnes' Amended § 2255 Motion [Doc. #4] by certified mail upon Respondent, along with this Order.

IT IS ALSO ORDERED that Respondent shall file an answer or responsive pleading to Barnes' Amended § 2255 Motion within sixty (60) days after service of this Order.

ENTERED this  17th  day of July, 2006.

                    /s/ Joe B. McDade
                    Joe Billy McDade
                United States District Judge