IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| BRAUNWIN C. BARNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-1124 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S
RESPONSE TO PETITIONER'S §2255 MOTION**

Now comes the respondent, the United States of America, by and through its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Bradley W. Murphy, Assistant United States Attorney, and in support of the response to the petitioner's § 2255 motion, states as follows:

I. Procedural History

  A. The Conviction

   1. The petitioner was charged by indictment with the offense of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) on March 17, 2004.

   2. She waived jury trial and proceeded to a bench trial on January 24, 2005. The prosecution alleged that she aided and abetted a large, black male who

committed the robbery. The circumstantial evidence was abundant that she had driven the getaway car: A witness saw the robber (dressed in a long, white coat) ride away in the passenger seat of the petitioner's car, and that the driver matched her general description. According to a statement she gave to authorities, the petitioner claimed to be the only one who had driven her car on the day of the robbery. A search of her home turned up a black bag similar to the one carried by the robber and currency wrappers of the sort used by the bank which had been robbed. One of those wrappers had her fingerprint on it and the black bag contained more than $3000.00 in cash, including some bills identified as "bait money" from the robbery.

B. The Sentence and Appeal

1. The petitioner was sentenced to 87 months imprisonment and four years of supervised release on May 16, 2005.

2. A direct appeal was taken by the petitioner. The appeal was dismissed on March 29, 2006 by an Order finding the appeal to be frivolous because:

   a. the evidence was sufficient to sustain her conviction; and

   b. the sentencing adjustment for use of a gun was appropriate; and

   c. the denial of acceptance of responsibility was proper; and

   d. the prison term imposed was a reasonable sentence.

C. The Motion to Vacate

1. On June 12, 2006, the petitioner filed an amended Motion to Vacate her sentence pursuant to 28 U.S.C. § 2255.

2. In her Motion to Vacate, she alleges that her trial counsel was ineffective because he:

   a. failed to disclose that the firearm found by police in her home belonged to her;

   b. failed to subject the prosecution case to a meaningful adversarial challenge;

   c. failed to suppress certain evidence; and

   d. failed to investigate and interview witnesses for her defense.

II. Legal Framework

A petitioner may avail herself of § 2255 relief only if she can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds* by *Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 690. A

prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both error and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991).

III. Analysis

  A. Each of the four allegations of ineffective assistance suffers from two fatal flaws.

    1. Each allegation fails to plead sufficient facts to show that trial counsel's performance fell below a reasonable professional standard. The allegations are conclusory and do not develop any credible argument that would provide a basis for relief. It is well established that "[a]n ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [her] allegations" cannot meet the threshold requirement for purposes of § 2255).

    2. Each allegation fails to demonstrate how the petitioner was prejudiced by the deficient conduct which she alleges. It is the petitioner's burden to

demonstrate not only that her counsel erred, but that she suffered actual prejudice as a result of the deficient performance. *Strickland*, 466 U.S. at 694. The petitioner provides no reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

   B.   None of the four allegations of ineffective assistance has merit.

      1.  Defense counsel was not ineffective for failing to disclose that a handgun found in her home belonged to her. The gun did not match the description of the firearm used by the robber. The relevance of the handgun from her home was to show that the robber may have had access to guns at her home. This fact is of little consequence, since the petitioner was convicted after a bench trial. At a bench trial, the judge, as the fact-finder, is deemed to have considered only relevant evidence. *United Stated v. Greathouse*, 484 F.2d 805, 807 (7th Cir. 1973). The petitioner's conviction did not turn on whether one of her guns was found in her house. Her defense counsel can hardly be faulted for failing to make these facts a pillar of his defense.

      2.  Defense counsel was not ineffective for failing to subject the prosecution to a meaningful adversarial challenge. Although no facts are pleaded in support of her allegation, her counsel cross-examined the government witnesses and made a final argument on her behalf. It was not her counsel's fault that the

government presented an extremely strong circumstantial evidence case. To the extent that the petitioner is attempting to relitigate the issue of the sufficiency of the evidence, she may not do so. The sufficiency of the evidence was raised and dismissed as frivolous on her direct appeal. (See attached opinion) That decision has become the law of the case and precludes the district court from re-examining the issue. *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986). The law of the case doctrine has been consistently applied to § 2255 motions. *Daniels v. United States*, 26 F.3d 706 (7th Cir. 1994).

3. Defense counsel was not ineffective for failing to suppress illegally obtained evidence. The white parka was legally obtained from a local hunting supply store. It was offered as evidence to show (1) where the robber had obtained the white parka he wore, and (2) to connect the robber to petitioner's house since a merchandise bag for a white parka had been found in the garbage at her house. The white parka was not illegally obtained and it was probative of the robber's connection to her house. An attorney is not ineffective for failing to file a motion to suppress which has no merit. See *United States v. Rezin*, 322 F.3d 433, 446 (7th Cir. 2003).

4. Defense counsel was not ineffective for failing to investigate and interview witnesses for the defense. In order to succeed on this allegation, the

petitioner must provide many more specifics than she has done. She does not disclose the names or the proposed testimony of any witness that might have benefitted her defense. *See United States v. Anderson*, 61 F.3d 1290, 1299 (7th Cir. 1995); *See also United States v. Ashimi*,

The petitioner gives this Court no basis to find that any witness would have testified to anything that would have made a difference to her case. As such, she leaves this Court with no alternative but to deny her claim.

IV. No Hearing is Required to Dispose of the Petitioner's § 2255 Motion

Evidentiary hearings are not required in § 2255 cases where there is no reason to suppose that a hearing would produce evidence justifying relief. *United States v. Taglia*, 922 F.2d 413, 419 (7th Cir. 1991). A hearing is warranted only if the petitioner alleges facts that, if proven, would entitle him to relief, *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995), but the Court may resolve the issues in a § 2255 motion without a hearing where the factual matters raised may be resolved on the record. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). The petitioner has not pleaded facts justifying either a hearing or any relief.

WHEREFORE, the United States requests this Court to deny the petitioner's § 2255 motion.

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY


<u>s/:Bradley W. Murphy</u>
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, Ste. 400
Peoria, Illinois 61602
Telephone: 309/671-7050

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO PETITIONER'S §2255 MOTION** with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy of the Response has been made on the petitioner by depositing a copy thereof in the United States mail, postage prepaid, addressed to:

> Braunwin C. Barnes
> 25597-018
> FCI Danbury
> Federal Correctional Institution
> Route 37
> Danbury, CT 06811

s/: Margo Scamp
Legal Assistant

> UNPUBLISHED ORDER
> Not to be cited per Circuit Rule 53

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 28, 2006
Decided March 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2406

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 04-CR-10027-001 |
| BRAUNWIN BARNES, also known as BRAUNWIN NEWBORN, *Defendant-Appellant.* | Joe Billy McDade, Judge. |

## ORDER

Braunwin Barnes was convicted of armed bank robbery, *see* 18 U.S.C. § 2113 (a), (d), after a bench trial. The district court sentenced her within the guidelines range to a term of 87 months' imprisonment and four years' supervised release. In addition, she was ordered to pay $8,565 in restitution, less any funds recovered by the bank. Barnes filed a notice of appeal, but her appointed counsel has moved to withdraw because he is unable to find a nonfrivolous basis for appeal. *Anders v. California*, 386 U.S. 738 (1967). Barnes did not respond to our invitation under Circuit Rule 51(b) to explain why she believes her appeal has merit, so we review only the potential issues identified in counsel's facially adequate brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

No. 05-2406                                                                                                 Page 2

      Counsel first considers whether Barnes might argue that the district court erred in denying her motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(a). Granting such a motion is appropriate only if there is insufficient evidence to sustain the conviction. *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003). We agree with counsel that an appeal on this ground would be frivolous. Barnes argued at trial that no direct evidence, or eyewitness testimony, linked her to the robbery, but there was abundant circumstantial evidence to support the district court's finding that she aided and abetted the crime by driving the getaway car. *See United States v. Smith*, 415 F.3d 682, 689 (7th Cir. 2005) (noting that driver of getaway car may be treated as principal in robbery). A witness testified that the robber sped away in the passenger seat of Barnes's car, and that the driver was someone roughly matching her description. According to an investigator, Barnes claimed to be the only one who had driven her car on the day of the robbery. Moreover, a search of her home turned up a black bag similar to that carried by the robber and currency wrappers of the sort used by the bank. One of the wrappers bore Barnes's fingerprint. And the bag contained more than $3,000 in cash—which included bills identified by the bank as "bait money."

      Counsel then considers arguing that the district court erred in the calculation of her sentence. Although now advisory, the guidelines still must be properly calculated. *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006); *United States v. Carter*, 410 F.3d 942, 954 (7th Cir. 2005). We review the district court's findings of fact for clear error. *Robinson*, 435 F.3d at 701; *United States v. Blaylock*, 413 F.3d 616, 618 (7th Cir. 2005). Counsel questions whether the court appropriately applied a five-level upward adjustment for use of a gun during the robbery. *See* U.S.S.G. § 2B3.1(b)(2)(c). Because there was uncontroverted testimony from two tellers that the robber brandished a gun, we agree with counsel that the district court did not clearly err. We do not know that Barnes herself ever touched the gun, but she was properly held accountable for its use because the brandishment was conduct relevant to the robbery within the meaning of U.S.S.G. § 1B1.3(a)(1)(A), which defines relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." *See United States v. Wallace*, 212 F.3d 1000, 1005 (7th Cir. 2000) (holding that use of gun was attributable to defendant who aided and abetted armed robbery but never personally carried gun).

      Counsel next considers whether Barnes might argue that the district court erred in denying her a downward adjustment for acceptance of responsibility. This argument is frivolous because a defendant who requires the government to prove her factual guilt at trial is ordinarily ineligible to receive the reduction. *See* U.S.S.G. § 3E1.1 cmt., n.2; *United States v. Williams*, 202 F.3d 959, 962 (7th Cir. 2000). The purpose of the reduction is to reward defendants who plead guilty, and thus save the government the time and expense of trial, or who are genuinely contrite, because this implies a lesser risk of recidivism. *United States v. Woodard*,

No. 05-2406 Page 3

408 F.3d 396, 397 (7th Cir. 2005). Barnes neither pleaded guilty nor displayed contrition.

Finally, counsel considers whether Barnes might argue that her sentence was unreasonable in the context of the factors listed in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Jordan*, 435 F.3d 693, 696 (7th Cir. 2006); *United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006). We agree with counsel that appeal on this ground would be frivolous. Because Barnes's sentence is within the recommended guidelines range, it is presumptively reasonable, *see United States v. Williams*, 436 F.3d 767, 768 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court did not support its determination with detailed findings, but it need not do so. It is enough if we can tell from the record that the relevant factors were considered. *United States v. Brock*, 433 F.3d 931, 933-34 (7th Cir. 2006); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). It is clear from the sentencing transcript that the district court considered Barnes's history and characteristics. *See* 18 U.S.C. 3553(a)(1). The court heard testimony from her mother that she was "under the influence" of the robber (her boyfriend), and from a minister who said that she was one of his best friends and described a number of public service projects she had been involved in. The court concluded that the sentence it imposed was necessary in light of the need for consistent sentencing of defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. 3553(a)(6).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.