BRAUWIN C. BARNES
REG. NO. #25597-018
FEDERAL MEDICAL CENTER, CARSWELL
POST OFFICE BOX 27137
FORT WORTH, TEXAS 76127

    PRO-SE

E-FILED
Tuesday, 21 November, 2006  03:47:05 PM
Clerk, U.S. District Court, ILCD



NOV 20 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

BRAUNWIN C. BARNES      )
   PETITIONER         )
                         )
                         )   NO: 06-1124
V.                       )
                         )
UNITED STATES OF AMERICA  )
   RESPONDENT         )

RESPONSE TO GOVERNMENTS REPLY TO
PETITIONER MOTIONS § 2255 TO VACATE, SET ASIDE
OR CORRECT SENTENCE

    Before the Court Petitioner Brauwin C. Barnes "in want of Counsel" to the United States Governments's response to Petitioner's motion § 2255 to Vacate, Set Aside or Correct Petitioner's Sentence.

    Petitioner who was charged by indictment of the offense of Armed Bank Robbery in violation of 18 U.S.C § 2113 (a) and (d) on

March 17, 2004, was prosecuted without of 18 U.S.C §2113 (a) and subject-matter and territorial jurisdiction as Title 18 that was introduced into the 80th Congress H.R. 3190 Public Law 80-772 and Public Law 80-773 never passed the House and Senate therefore never enacted into positive <u>Law</u>. Therefore the United States District Courts who is giving jurisdiction under 18 U.S.C. § 3231 to hear Petitioner prosecution is void and nullitie, unconstitutional. It is a direct violation of the Presentment Clause of the Constitution Article 1, Section 7, Clause 2.

No sanctions may be imposed absent proof of jurisdcition, which must be proven on the record. In accordance 40 U.S.C §3112 it specifies the requirements for the federal government to obtain jurisdiction over state land where the alleged bank robbery took place. The federal government can not and did not establish exlusive federal jurisdiction over the location mentioned in Petitioner's indictment, and submit htis proof to the Court even the bank being federally insured does not give the federal government jurisdiction. This acts as a not guilty verdict and requires dismissal of Petitioner's indictment and conviction, with prejudice.

In furtherance under the emergency powers actions taken by the Presidents since the 1930's the Presidents have acted in violation of the separation of powers doctrine. When the Court's were transferred to the Department of Justice by executive order as part of a series of emergency provisions by several President, the fact the Courts report to the Department of Justice constitutes a violation of the Separation of Powers Doctrine, rendering the

Court without jurisdiction to prosecute Petitioner and Petitioner's indictment and conviction null and void from its inception.

Counsel according to the code of professional conduct for criminal defense are required to interview witness and determine a valid defense. Counsel is required to research the Court's jurisdiction over the criminal offense, and in not doing so caused a fundamental miscarriage of justice. Counsel should have been aware before trail that the Court had limited jurisdiction, and in hearing this case committed errors by excluding jurisdiction.

Jurisdiction, above all else, entitles Petitioner as a matter of law relief from the uncontitutional sentence. No procedural hurdle exists for jurisdictional error. <u>United States v. Cotton</u>, 535 U.S.C 625, 630, 2002 Lexis 3565 (2002) the term "jurisdiction" means the Court's statuory or constitutional authority to subject-matter jurisdiction, because to involve the Court's authority to hear this case can never be forfeited or waived.

Defects in subject-matter jurisdiction required correction regardless of whether the issue was raides in any other proceedings. <u>United States v. Peter</u> 310 F.3d 709, 712 (11th Cir 2002) jurisdictional effort has historically been recognized as fundamental and for which collateral relief has accordingly been available. Habeas Corpus has long been available to attack convictions and sentences entered by a Court without jurisdiction. The doctrine of procedural default does not apply.

3.

Counsel performance fell below the object standards of reasonableness. Counsel's omission concerning the gun found in Petitioners home, that was never investigated as being the firearm use in the Bank Robbery of the gun belonged to Petitioner should have been motioned for suppression, that there was no evidence that the firearm removed from Petitioners residence was used in the robbery. The government did not prove byond a reasonable doubt that Petitioner at minimum actally or constructively possessed the particlular firearm used in the bank robbery. Despite the fact that a male robber the bank the statement by the bank teller did not describe Petitioner nor the gun found in Petitioners residence. There is nothing in the records of the prosecution that provide proof of the firearm that was found in the residence as that of the firearm display by the robber of the bank.

The circumstantial evidence that surrounds the prosecution is not evidence beyond a reasonable doubt. Nor did the government provide evidence that Petitioner aided and abetted the robber by driving a get-away car, as Petitioner who did business with this bank did nothing unusual by conducting business on the day of the robbery. Therefore Petitioner's car was within the parking lot, and exited it after conducting business within the bank. The witness provided no for certain evidence that Petitioner was the individual who allegedly drove the bank robber from the bank.

Counsel was less than vigilant, and was haphazardly in his performance. The proceeding would have had a different outcome if

Counsel had defened Petitioner within his professional code of ethics.

The elements of the alleged criminal conduct is essential to subject Petitioner to a conviction, Petitioner who is an African-American certainly could not have been identified as a male who robbered the bank. In furtherance Petitioner was not conducting business with a caucasian female not the African-American that gave false testimony that she was the one who conducted business with Petitioner although this was the individual who Petitioner opened her account with, and attended the same church with.

The money wrapper found in Petitioners hmoe could and should have not been used as an element of participation in a bank robbery as Petitoner did business with the same bank. In furtherance the three thousand dollars that was removed was funds from a tax return, and in know way cuold have been identified as money taken during the bank robbery.

Counsel was ineffective for failure to subject the prosecution to a meaningful adversarial challenge. There was complete absence of efffort on Counsel to investigate develop and present mitigating circumstantial of the evidence that was al circumstanial evidence. Counsel was therefore less than vigilant in protection Petitioner and the haphazard and desultory effort resulted in representation that fell below any objective standard of reasonableness. The combination of Counsel errors leads to any reasonable fact finder's concludion that Petitioner being severly prejudiced by the proceeding.

To aid and abet an offense means Petitioner had to assist, or facilitate the commission of the crime, promote the accomplishment o

of the criminal conduct, held in advancing or bringing the criminal conduct about, or encourage, counsel or incite the commission of the offense. To be proven aiding and abetting in the criminal conduct Petitioner must have had (1) committed the underlying substantive crime (2) shared any codefendant's crimianl intent (in the case there was no codefendant) (3) have knowledge of the underlying criminal act (4) or intended to help codefendant. Petitioner cannot aid or abet a crime which has already been completed.

The Fourth Amendment of the United States Constitution governs all searches conducted by government agents. The Amendment contains two separate clauses: a prohibition against unreasonable searches, and a requirement that probable cause support each warrant issued. An unlawful search does not preclude prosecution nor unvalidates a subsequent conviction. Instead, the usual remedy for a Forth Amendment violation is suppression of the illegally seized evidence. That fact Petitioners car was seemed leaving her bank parking lot by a witness who asserts unsure facts of another person within the vehicle is unreasonable. As Petitioner had a Constitutional right of her home, persons, papers, and effects to be secure.

The search was an invasion of Petitioner's privacy the Supreme Court determined that in a person's home there is an expectation of privacy that is legitimate. A subjective expectation of privacy was demonstrated by the objective of the home being secure, that allowed Petitioner's personal property to be excluded within the home. Petitioner who was not within the home, had an expection while on vacation that Petitioner's home that was secure would not be envaded.

6.

The Fourth Amendment requires that a warrant describe with "particular [ity] ... the place to se searched, and the persons or things to be seized:. This limitation safeguards Petitioner's interest against " the wide-ranging exploratory searches the Framers [of the Constitution] intended to prohibit.

Due Process rights require the Court to respond to jurisdictional motion on it's own motion.

Article III subject matter jurisdiction questions can be raised at anytime and addressed by federal Courts at anytime on their own motion. McGRATH v. KRISTENSEN, 340 U.S. 162, 95 L.Ed. 73 71 S.Ct. 224 (1950). Lack of Article III jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, by action, or by stipulation. CALIFORNIA v. LA RUE, 400 U.S 109, 112, 34 L.Ed. 342, 93 S.Ct. 390 (1972). The validity of an order on sentencing of a federal district court depends upon that Court having jurisdiction over both the subject matter and the defendant. STOLL v. GOTTLIEB, 305 U.S. 171-172, 83 L.Ed 104, 59 S.Ct. 134 (1938). Unless the power or authority of the court to perform a contemplated act can be found in the Constitution or laws enacted there under, it is without jurisdiction and its Actsare invalid. ANGEL v. BULLINGTON, 330 U.S 183, 67 S.Ct 657, 91 L.Ed. 832 (1947); LEMIEUX BROS. INC. V. TREMONT LUMBER CO. LTD, 140 F.2d 387, 389 (5th Cir 1944); THOMAS v. ARN, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985) (quoting UNITED STATES v. PAYNER, 447 U.S. 727, 65 K,Ed,2d 468m 100 S.Ct. 2439 (1890)) ("[1] even a sensible and efficient use of the supervisory power [of the court] hovever, is invalid if it conflicts with constitutional or statutory provisions. A cont rary result would confer on the

judiciary power to disregard the considered limitations of the law it is charged with enforcing").

The Court not only had no terrirorial Jurisdiction, but is not an Article III Court, and acted in violation of the Separation of Powers Doctrine. The Separation of Powers Doctrine provides for three separate and distinct branches of government. Therefore the court is required, according to Constitutional authority, to be an <u>independent arbitrator of the facts and law</u>, and may not act as a subsidary of the Department of Justice or answering for them without violating its oath of office and the Code of Judicial Conduct.

The Courts actions to support the Department of Justice go back to the formation of the Constitution. WE THE PEOPLE of the United States... Do ordain and establish this Constitution for the United States of America. WE gave the government limited powers mostly administrative and a place from which to exercise those powers - a box ten miles square - and places over which to exercise them and authority to make laws for governing those places. WE gave the government power to establish administrative courts to administer and interpret the laws in the places and territoties. WE established the judicial branch and authorized the Supreme Court and the inferior Courts. Congress authorized the Supreme Court to make rules for the inferior courts to follow in the conduct of civil and criminal proceedings.

The United States District Court in the Continental United States were never authorized by Congress or the Supreme Court to use the

Federal Rules of Criminal Procedure (F.R. Cr. P.) to conduct "criminal proceedings" for violations of the federal penal code when the alleged offense was committed within the exterior boundaries of a union state. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States of all offense against the laws of the United States.

The United States District Court are Article I administrative courts designed by Congress to function on behalf of the Executive branch of the government in those places subject to the jurisdiction of the United States. The Bank Plus located at 4100 Willow Knolls Road, Peoria, Illinois is within the United States of Illinois and there is no records of the Governor and Legislature under 40 U.S.C. 3112 ceding that geographical location to the United States giving the United States jurisdiction. There is no publication that published any acceptance on behalf of the United States. Therefore the United States had no jurisdiction to prosecute Petitioner.

The Court lacks subject matter and territorial jurisdiction and must DISMISS Petitoners conviction and sentence, as Petitioner's indictment and conviction as well as Petitoner's imprisonment is a biolation of Petitioner's Constitutional rights, the Court must declare Petitoner innocent of the crime charged and issue an order to the Department of Justice for Petitioner's immediate release from prison.

Respectfully Submitted,

*Braunwin C. Barnes*

Braunwin C. Barnes.

Certificate of Service

I declare that the "Response to Government's Reply to Petitoner's Motion §2255 to Vacate, Set Aside Or Correct Sentence," was placed in the mailbox at the Federal Medical Center, Carswell along with a S.A.S.E. and mailed to the following on the date listed below.

United States District Court
For The Central District of Illinois
211 Fulton Street
Peoria, Illinois 61202

United States District Attorney
For CentralDistrict of Illinois
211 Fulton St.
Peoria, Illinois  61202

11-14-06
DATE

Bronwin C. Barnes
Signature of Person Mailing