UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BRAUNWIN C. BARNES,<br><br>　　Petitioner<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　Respondent. | )<br>)<br>)<br>)<br>)  Case No.  06-cv-1124<br>)<br>)<br>)<br>) |

## O P I N I O N & O R D E R

Petitioner, Braunwin C. Barnes, is before the Court on an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed on June 12, 2006 [Doc. 4].  On September 11, 2006, Respondent filed a Response in opposition [Doc. 7] to Petitioner's Amended Motion to Vacate.  For the reasons stated below, Petitioner's Amended Motion to Vacate is DENIED, and this case is TERMINATED.

### I.　　BACKGROUND

Petitioner was convicted of Armed Bank Robbery in violation of 18 U.S.C. §2113(a) and (d) after a bench trial in the United States District Court for the Central District of Illinois on January 24, 2005.  The Government's case against Petitioner was based on circumstantial evidence showing that Petitioner aided and abetted the man who physically carried out the robbery and, specifically, that Petitioner was the driver of a getaway car used in the crime.  Evidence key to Petitioner's conviction was obtained as the result of a search of Petitioner's

residence by Peoria police on March 7, 2004. That search took place pursuant to a state search warrant. (3/9/2004 Affidavit of FBI Agent Greg Catey, p. 2, Record on Appeal, Case No. CA7-05-2406) On May 16, 2005, the Court sentenced Petitioner to eighty-seven months imprisonment and four years of supervised release. Petitioner appealed her conviction to the United States Court of Appeals for the Seventh Circuit, which dismissed the appeal. On May 12, 2006, Petitioner moved this Court, under Section 2255, to vacate her sentence. [Doc. 1] With leave of court, Petitioner filed an Amended Motion to Vacate on June 12, 2006. [Doc. 4] On September 11, 2006, Respondent moved to dismiss [Doc. 7] that motion, and Petitioner filed a Reply on November 20, 2006 [Doc. 11].

## II.   DISCUSSION

Title 28 U.S.C. § 2255 provides that a sentence may be vacated, set aside, or corrected:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

Relief under Section 2255 is "an extraordinary remedy to one who already has had an opportunity for full process." Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006). A hearing is not required if the records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).

Petitioner's Section 2255 motion alleges four instances of constitutionally ineffective assistance of trial counsel. Specifically, Petitioner alleges that her trial counsel was ineffective because counsel: (1) failed to disclose that a firearm discovered in her home by police was licensed and registered to Petitioner and that the firearm was not found at the scene of the crime; (2) failed to present a meaningful adversarial challenge to the Government's case; (3) failed to suppress evidence of a "white parka" introduced by the Government; (4) failed to present or interview witnesses on Petitioner's behalf. In addition, Petitioner's Reply is littered with objections to the district court's personal and subject matter jurisdiction in the underlying criminal trial.

The governing standard with respect to ineffective assistance of counsel claims was announced by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1994). Under <u>Strickland</u>, in order to prevail on her claims, Petitioner must establish that (1) her counsel's representation fell below the threshold of objective reasonableness and that (2) but for her counsel's deficiency, there is a reasonable probability that Petitioner's trial would have turned out differently. <u>Strickland</u>, 466 U.S. at 687, 694. This Court must apply the strong presumption that the performance of Petitioner's trial counsel fell within the range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689.

1.  **Counsel's Failure to Disclose that the Firearm Discovered at Petitioner's Home was Licensed and Registered to Petitioner.**

    Even assuming, *arguendo*, that counsel's failure to disclose to the finder of fact, during Petitioner's trial, that the gun Petitioner references was hers, Petitioner has not demonstrated to this Court why counsel's omission would have changed the outcome of her trial. In its Response, the Government asserts that the gun found in Petitioner's home was used to establish at trial only that Petitioner's male associate in the robbery may have had access to guns at Petitioner's home. Petitioner does not dispute this assertion. Moreover, Petitioner does not even contend, much less establish with detail, that the referenced gun was crucial to the Government's case. For example, Petitioner does not assert that the Government purported this gun to be the weapon used in the robbery. Petitioner had an opportunity to address in her Reply the Respondent's argument regarding the gun's relative insignificance, but failed to do so. As a result, Petitioner has failed to establish any prejudice to her defense resulting from her counsel's failure to disclose to the district court judge that Petitioner owned the referenced gun. Petitioner's claim is, therefore, without merit.

2.  **Counsel's Failure to Present a Meaningful Adversarial Challenge to the Government's Case.**

    A successful ineffective assistance of counsel claims requires much more than a mere recitation of the Strickland standard. With respect to her "failure to present a meaningful adversarial challenge" claim, Petitioner has merely alleged, in

4

conclusory fashion, that her trial counsel was not vigilant enough in defending her and that she was prejudiced as a result. Petitioner has failed to put forth any factual support for this broad claim and, as a result, the claim is without merit.

3. **Counsel's Failure to Suppress Evidence of a "White Parka" Introduced by the Government.**

Petitioner claims that, at trial, the Government presented certain evidence that was removed from Petitioner's home pursuant to an illegal search. Petitioner identifies the item illegally obtained as a "white parka" and indicates that the prosecution purchased this parka. She claims that her counsel acted unreasonably in failing to suppress evidence of the parka. The only other information Petitioner offers in support of this claim is a statement of the Fourth Amendment's exclusionary rule and an assertion that she has a right to privacy in her home.

Respondent counters that the white parka that Petitioner references was legally obtained from a local hunting supply store. Respondent explains that the purchased parka was offered as evidence to show where Petitioner's male associate acquired the actual parka that he was seen wearing during the crime. Further, Respondent states that the purchased parka was used to connect the robber with Petitioner, as a merchandise bag for a white parka was found in the garbage at Petitioner's home.

Although it is difficult for the Court to make out Petitioner's argument here, the Court construes Petitioner's Section 2255 motion liberally because Petitioner appears to be without the assistance of counsel. Perruquet v. Briley, 390 F.3d 505,

5

512 (7th Cir. 2004). Petitioner appears to be asserting a Fourth Amendment challenge to the search of her home, which resulted in evidence of a purchase receipt for a white parka. The record on appeal of Petitioner's underlying criminal trial reveals that Peoria police conducted a search of Petitioner's home on March 7, 2004 pursuant to a search warrant. (3/9/2004 Catey Aff., p. 2) The record further indicates that the search warrant was supported by information establishing probable cause that evidence of the March 4, 2004 Bank Plus robbery would be located at Petitioner's home. (Id.) The record and Respondent's brief indicate that the March 7, 2004 search of Petitioner's home produced a receipt reflecting the purchase of a white hooded three quarter length parka. (Id.)

In light of the fact that the parka used at trial was lawfully obtained from a hunting store and that the receipt for a similar parka was obtained as the result of a lawful search of Petitioner's home, it is apparent that had any attempt by Petitioner's trial counsel to suppress evidence regarding the white parka would have been futile. As Respondent notes, an attorney is not constitutionally ineffective for failing to file a meritless motion to suppress. See United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003). Therefore, this claim is without merit.

4.  **Counsel's Failure to Present or Interview Witnesses on Petitioner's Behalf**

Petitioner claims that her trial counsel was constitutionally ineffective for failing to procure the testimony of witnesses in her defense. The Court agrees with Respondent that this claim fails because Petitioner does not identify any potential

6

witness testimony that would have aided her defense, much less changed the result of her trial. As a result, the claim has no merit.

**5.      Jurisdictional Objections in Petitioner's Reply**

Petitioner, in her Reply, objects to the Court's territorial and subject matter jurisdiction in the underlying criminal trial. Petitioner had the opportunity to raise jurisdictional arguments in her Amended Section 2255 motion, and she did not do so. A reply is not a proper vehicle through which to raise a new issue. In any event, the jurisdiction of the district court in Petitioner's trial cannot be seriously questioned. The district court's subject matter jurisdiction was proper under 18 U.S.C. § 3231 because Petitioner was charged with an offense under a federal statute, 18 U.S.C. § 2113(a) and (d). Further, the district court had territorial jurisdiction and was a proper venue for Petitioner's trial, as Petitioner's criminal acts were proven to have taken place in Peoria, Illinois, within the Central District of Illinois. See U.S. v. Mendell, 447 F.2d 639, 641 (7th Cir. 1971).

### III.    CONCLUSION

For the reasons set out above, Petitioner's Amended Motion to Vacate is DENIED.

CASE TERMINATED.

ENTERED this 22nd day of September, 2008.

> s/ Joe B. McDade
> JOE BILLY MCDADE
> United States District Judge

7